[Cite as *Boyd v. Univ. of Toledo Med. Ctr.*, 2016-Ohio-5225.]

| DANIEL BOYD | Case No. 2014-00186 |
|---|---|
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>ENTRY GRANTING DEFENDANT'S</u> <u>MOTION FOR SUMMARY JUDGMENT</u> |
| UNIVERSITY OF TOLEDO MEDICAL CENTER | |
| Defendant | |

{¶1} On March 7, 2016, plaintiff filed a motion for immunity determination in which he requests that the court make a determination regarding whether Haitham Elsamaloty, M.D., is entitled to personal immunity, pursuant to R.C. 9.86. Defendant did not file a response to this motion. However, on March 25, 2016, it filed a motion for summary judgment in which it argues that Dr. Elsamaloty is entitled to personal immunity, pursuant to R.C. 9.86 as he was an employee of defendant and was working within the course and scope of his employment at the time that he rendered medical care to plaintiff. Plaintiff did not file a response to defendant's motion for summary judgment.

**Statement of Facts**

{¶2} In his complaint, plaintiff claims that he had a brain shunt surgically implanted in his head shortly after his birth. Throughout his life he has experienced issues related to the malfunctioning of the shunt. They required frequent and ongoing medical treatment. One such issue occurred in the summer of 2012 when plaintiff began experiencing severe headaches. On July 17, 2012, plaintiff was taken to the University of Toledo Medical Center emergency department. A CT was performed, and read by defendant Haitham Elsamaloty, M.D. Plaintiff claims Dr. Elsamaloty inaccurately read the CT. He alleges that on August 24, 2012, the misdiagnosis

resulted in plaintiff suffering hemorrhaging, seizures, cardiac and respiratory arrests, all causing permanent injuries.

{¶3} On February 12, 2015, the court granted summary judgment and rendered judgment in favor of defendant, finding that plaintiff's complaint was filed outside the statute of limitations. On March 30, 2015, plaintiff filed a motion for relief from judgment, pursuant to Civ. R. 60(B)(1) and (5). On April 24, 2015, the court denied plaintiff's motion for relief from judgment. Plaintiff appealed that decision, and it was affirmed by the Tenth District Court of Appeals on December 24, 2015.

{¶4} Plaintiff obtained new counsel and filed a motion for an immunity determination as the connected action remains stayed in the Lucas County Court of Common Pleas and will remain so until the court issues an immunity determination.

**Summary Judgment Standard**

{¶5} Civ.R. 56(C) states, in part, as follows:

{¶6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**Personal Immunity Pursuant to R.C. 2743.02(F) and R.C. 9.86**

{¶7} R.C. 2743.02(F) states, in part:

{¶8} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶9} R.C. 9.86 states, in part:

{¶10} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶11} "[I]n an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02(A)(2), the Court of Claims must initially determine whether the practitioner is a state employee.  If there is no express contract of employment, the court may require other evidence to substantiate an employment relationship, such as financial and corporate documents, W-2 forms, invoices, and other billing practices.  If the court determines that the practitioner is not a state employee, the analysis is completed and R.C. 9.86 does not apply.

{¶12} "If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured.  If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86.  If there is evidence that the practitioner's duties include the education of students and residents, the court must determine whether the practitioner was in fact educating a student or

resident when the alleged negligence occurred." *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, ¶ 30-31.

{¶13} "[T]he question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was engaged in those duties at the time of an injury. Thus, proof of the content of the practitioner's duties is crucial. The Court of Claims must have evidence of those duties before it can be determined whether the actions allegedly causing a patient's injury were 'in furtherance of the interests of the state' or, in other words, within the scope of employment." *Theobald, supra*, at ¶ 23.

{¶14} The Supreme Court of Ohio has stated:

{¶15} "*Theobald* did not establish a categorical rule that a physician who is a member of the faculty of a state medical college is immune for providing clinical care only while teaching a medical student or resident. Rather, the scope of employment is a fact-based inquiry that turns on proof of the employee's specific job description with the state and focuses on whether the employee's conduct is related to and promotes the state's interests." *Ries v. Ohio State Univ. Med. Ctr.*, 137 Ohio St.3d 151, 2013-Ohio-4545, ¶ 23.

**Analysis**

{¶16} Defendant argues that Dr. Elsamaloty was a full-time employee of the University of Toledo College of Medicine & Life Sciences, which is an instrumentality of the state in accordance with R.C. 3365. This assertion is confirmed by the affidavit of Christopher Cooper, M.D., Vice President for Clinical Affairs and Dean of the College of Medicine & Life Sciences for The University of Toledo and the two documents attached to defendant's motion: The University of Toledo Health Science Campus Appointment, effective July 1, 2011 – June 30, 2012; and The University of Toledo Health Science Campus Appointment, effective July 1, 2012 – June 30, 2013.

**{¶17}** Likewise, defendant contends that Dr. Elsamaloty was working within the course and scope of his employment at the time that he rendered healthcare to plaintiff. The provision of patient care by full-time College of Medicine & Life Sciences faculty is an essential and integral part of faculty responsibilities and is of direct benefit to the University of Toledo. (Cooper Aff., ¶ 4).

**{¶18}** Dr. Elsamaloty's responsibilities included more than just clinical teaching responsibilities. He was also tasked with the provision of patient care on behalf of the University of Toledo. As such, the court need not determine whether he was engaged in teaching a medical student or resident at the time that he rendered medical care to plaintiff. Rather, pursuant to the holding in *Ries,* the court need only determine "whether the employee's conduct is related to and promotes the state's interests." The court finds, based in part the affidavit of Dr. Cooper, that Dr. Elsamaloty was engaged in conduct that furthered the interests of the University of Toledo at the time that he rendered patient care to plaintiff. There is no evidence that Dr. Elsamaloty was acting 'manifestly outside the scope of employment.'

**Conclusion**

**{¶19}** Upon careful consideration, defendant's motion for summary judgment is GRANTED. Accordingly, plaintiff's motion for immunity determination is hereby DENIED as moot.

**{¶20}** The court finds that Dr. Elsamaloty is entitled to personal immunity pursuant to R.C. 9.86 and 2743.02(F), and the courts of common pleas do not have jurisdiction over any civil actions that may be filed against her based upon the allegations in this case. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

PATRICK M. MCGRATH
Judge

Case No. 2014-00186 -6- ENTRY

cc:

Gregory S. Scott                           Anne Berry Strait
610 Skylight Office Tower                   Assistant Attorney General
1660 West Second Street                     150 East Gay Street, 18th Floor
Cleveland, Ohio 44113                       Columbus, Ohio 43215-3130

**Filed June 20, 2016**
**Sent to S.C. Reporter 8/3/16**